Elayna J. Youchah, Bar No. 5837
youchahe@jacksonlewis.com
Charles J. Lee, Bar No. 13523
charles.lee@jacksonlewis.com
**JACKSON LEWIS P.C.**
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| ORSBURN STONE, | |
|---|---|
| Plaintiff, | Case No. 2:15-cv-00083-JAD-GWF |
| v. | |
| ST. ROSE HOSPITAL, dba DIGNITY HEALTH, a Nevada based Company; and DOES and ROES I through XX, inclusive, | **STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(c), the Parties, National Nurses United/California Nurses Association ("CNA"), and Defendant Dignity Health, d/b/a St. Rose Dominican Hospital ("Defendant"), (collectively, the "Parties"), hereby submit this proposed Stipulated Protective Order for the purpose of ensuring that five specifically identified documents produced by CNA in response to a subpoena duces tecum (the "Protected Documents") are not disclosed to anyone other than counsel for Defendant absent an agreement of the parties or order of the Court. Accordingly, the Parties hereby stipulate, subject to approval and entry by the Court, to the following:

I. **APPLICATION**

This Protective Order shall govern the designation and handling of the Protected Documents. This Protective Order does not affect any party's obligations under the Civil Rules *to*

produce documents as required by the rules of discovery or an order of the Court. The purpose of this Protective Order is to facilitate the handling of the Protected Documents.

## II. DEFINITIONS

**"Protected Documents"** refers to the following documents, all of which are subject to a confidentiality agreement between CNA and Orsburn Stone's ("Stone") prior employer MountainView Hospital ("MountainView"):

1. The disciplinary action issued to Stone while working for MountainView (if found);

2. The complaint that CNA filed on behalf of Stone regarding the disciplinary action,;

3. The arbitration opinion regarding the disciplinary action;

4. The complaint that CNA filed on behalf of Stone regarding suspension and termination, or a letter describing the suspension and termination in detail (if found); and

5. The settlement agreement reached between CNA, MountainView, and Stone regarding the suspension and termination.

## III. Designation of Discovery Materials as Confidential

**Marking Protected Documents:** The Protected Documents shall be designated by affixing to them the legend "PROTECTED DOCUMENT" in all caps, 12 point font, in a location that makes the designation readily apparent, preferably in the lower right hand corner. The fact that a document is stamped "PROTECTED DOCUMENT" by CNA shall not be construed as an admission by Defendant that such document is a protected document and cannot be used in the above captioned litigation for a legitimate purpose; nor shall it limit or preclude the right of Defendant to object to the "PROTECTED DOCUMENT" designation and to file any appropriate motion(s) to determine the propriety of such designation. If CNA inadvertently fails to stamp or otherwise appropriately designate a document as a Protected Document, such inadvertent failure to designate shall not constitute nor be deemed a waiver of a subsequent claim of protected

treatment under this Order.

### IV. Permissible Use of "Confidential" Information, Documents, or Materials

A.  **Limited Use.**  The Protected Documents shall be reviewed in the offices of Defendant's counsel only until and unless Defendant believes it necessary to file the Protected Documents with the Court. If needed, the Parties shall follow the filing procedure set forth below in section IV(B). Persons obtaining access to materials stamped "Protected Document" pursuant to this Order shall not use or disclose in any format or medium such document for any other purpose, unless agreed upon by the parties or required by court order or being compelled by force of law. If Defendant is: (a) subpoenaed in another action or proceeding; (b) served with a request or demand in another action to which it is a party; or (c) served with any other legal process by one not a party to this Order seeking discovery of a document designated as a Protected Document. If Defendant is served with legal process seeking disclosure of Protected Documents, Defendant shall promptly give written notice to CNA within seventy-two business hours of receipt of such process. Nothing herein shall be construed as requiring Defendant to challenge or appeal any order requiring production of a Protected Document, to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from the court.

B.  **Filing Protected Materials.**  If Defendant wishes to use documents designated by CNA as a Protected Document to support or oppose a motion or otherwise file such information with the Court, the following procedures apply: Counsel will use reasonable efforts to provide up to seven (7) days notice of its intent to use the Protected Documents before filing the Protected Document. If no response is received or no agreement as to filing is made, the parties to this Agreement shall seek the assistance of the Court to resolve their differences. Upon the conclusion of such procedure, should Defendant be authorized to use the Protected Documents, Defendant shall seek to file it under seal. The parties waive the right to seek attorney's fees and

JACKSON LEWIS LLP
LAS VEGAS

-3-

costs for having to do so.

C. **Rights of Parties:** This Protective Order is without prejudice to the right of any party to this Agreement to apply to the Court for any further protective order relating to any Protected Documents or for an order permitting disclosure of Protected Documents beyond the terms of this Protective Order.

V. **Miscellaneous**

A. The provisions of this Order shall not terminate at the resolution of this matter; provided, however, that within thirty (30) days after the final conclusion of this matter, documents stamped "Protected Documents" and all copies of such documents, other than exhibits of record, shall be returned to CNA. Further, all physical copies of the Protected Documents will be destroyed, and all electronic copies deleted.

B. Nothing in this Order shall prevent either party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. This Order, however, shall not be modified absent an order of the Court or the written agreement of all the Parties hereto.

DATED this 9th day of June, 2015.

NATIONAL NURSES UNITED/
CALIFORNIA NURSES ASSOCIATION

_____
Micah Berul
4270 South Decatur Blvd., Suite B-2
Las Vegas, Nevada 89103

*Attorney for CNA*

JACKSON LEWIS P.C.

_____
Elayna J. Youchah, Bar # 5837
Charles J. Lee, Bar # 13523
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

*Attorneys for Defendant*

## ORDER

IT IS SO ORDERED _____ June 11 _____, 2015.

*George Foley Jr.*
GEORGE FOLEY, JR.
United States Magistrate Judge