# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Orsburn Stone,<br><br>    Plaintiff<br><br>v.<br><br>St. Rose Hospital, dba Dignity Health, a Nevada-based Company; Does & Roes I–XX, inclusive,<br><br>    Defendants | 2:15-cv-00083-JAD-GWF<br><br>**Order Granting Motion to Dismiss Amended Complaint**<br><br>**[ECF 17, 19]** |

Pro se plaintiff Orsburn Stone—a nurse at St. Rose Dominican Hospital—sues his employer, Dignity Health, for discrimination, harassment, and Title VII retaliation.[1] Three months after Dignity Health answered his complaint,[2] Stone filed an amended complaint adding claims by a new plaintiff, Ronald Tosh.[3] Dignity Health moves to dismiss the amended complaint because it was filed in violation of Rule 15 of the Federal Rules of Civil Procedure.[4] Because plaintiff did not have permission to file his amended complaint, I grant the motion to dismiss the amended complaint, leaving the original complaint as the operative one. If plaintiff desires to file his amended complaint, he must file a properly supported motion to amend that complies with the Federal Rules of Civil Procedure and the Local Rules of this district.[5]

---

[1] ECF 1.

[2] ECF 6.

[3] ECF 14. It appears there are pages missing from this amended complaint as filed because it jumps from page 1 to page 6.

[4] ECF 17.

[5] A link to the local rules can be found on the home page of the court's website: http://www.nvd.uscourts.gov/.

**Discussion**

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of pleadings in federal court.  When a plaintiff desires to amend his complaint more than 21 days after the defendant has filed its answer, the plaintiff must first get the consent of the defendant or permission (leave) from the court to file the amended complaint.[6]  This district's local rule 15-1 dictates the form of that request for leave of court: "the moving party shall attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading.  An amended pleading shall include copies of all exhibits referred to in such pleading."[7]  Thus, when a plaintiff wants to file an amended complaint and more than 21 days have elapsed since the defendant answered and the defendant will not stipulate to the amendment, the plaintiff must file a properly supported motion for leave to amend, attaching a full copy of the proposed amended complaint.  A plaintiff is not relieved of his obligation to comply with the rules and procedures of this court simply because he has not retained, or cannot afford to retain, an attorney to represent him.[8]

Plaintiff's amended complaint was filed three months after Dignity Health answered his complaint.  And plaintiff lacked both the consent of Dignity Health and leave of court.  His amended complaint is thus an unauthorized, fugitive document without legal force or effect.  Plaintiff's single-page "Motion to Deny Defendants Motion to Dismiss Plaintiffs Amended Complaint in its Entirety,"[9] which I construe as an opposition to Dignity Health's motion to dismiss, fails to persuade

---

[6] Fed. R. Civ. P. 15(a)(1).

[7] L.R. 15-1(a).

[8] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

[9] ECF 19.  Stone is cautioned that oppositions to motions in federal court are typically called a "response" or "opposition," not a "motion to deny."  *See* L.R. 7-2(b).

me otherwise. I thus grant Dignity Health's motion to dismiss in part;[10] the amended complaint is dismissed without prejudice, leaving the original complaint as the operative pleading in this case.[11] If plaintiff wishes to file an amended complaint, he must first obtain leave of court by filing a proper motion for leave to amend.[12] And because the deadline for amending the pleadings has passed,[13] plaintiff must also demonstrate (in his motion for leave to amend) excusable neglect for his failure to request permission to amend before the June 2, 2015, deadline expired.[14]

## Conclusion

IT IS THEREFORE ORDERED that defendant's motion to dismiss **[ECF 17] is GRANTED** in part. The Amended Complaint **[ECF 14] is DISMISSED** without prejudice; the original complaint will remain the operative pleading in this case until further order of the court.

IT IS FURTHER ORDERED that plaintiff's Motion to Deny Defendant's Motion to Dismiss **[ECF 19] is DENIED**.

Dated this 14th day of October, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[10] The motion is granted in part. Dignity Health asks me to dismiss the amended complaint with prejudice. *See* ECF 17 at 7. I dismiss the amended complaint without prejudice and permit plaintiff the opportunity to demonstrate with a proper motion for leave to amend that amendment is warranted.

[11] This means that Ronald Tosh is not currently a party to this case. The only claims and parties that currently exist in this case are the ones stated in the original complaint. ECF 1.

[12] A motion must be supported by points and authorities, i.e., a detailed analysis of why this court should permit amendment, citing to and incorporating the applicable rules and legal standards. *See* L.R. 7-2(a).

[13] *See* ECF 9 at 2 (noting the June 2, 2015, deadline "to file motions to amend pleadings or to add parties").

[14] *See* Fed.R.Civ.P. 6(b)(1)(B)(stating "the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.").