UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Orsburn Stone,<br><br>　　Plaintiff<br><br>v.<br><br>St. Rose Hospital d/b/a Dignity Health,<br><br>　　Defendant | 2:15-cv-00083-JAD-GWF<br><br>**Order granting defendant's motion for summary judgment and closing case.**<br><br>**[ECF No. 30]** |

Pro se plaintiff Orsburn Stone—a registered nurse employed by Dignity Health—sues his employer for sex discrimination, alleging hostile work environment, gender discrimination, and retaliation. Dignity moves for summary judgment, arguing that Stone lacks evidence to support his claims. Stone attempts to avoid summary judgment by alleging religious discrimination and surmising what his "6-33 witness will testify to at [the] time of trial."[1] Because Stone's claims are factually unsupported and Dignity has demonstrated an absence of genuine issues of fact, I grant Dignity's motion for summary judgment and close this case.

## Background

Stone's complaint is predicated on three allegedly discriminatory acts: (1) his supervisor wanted to limited the number of hours assigned to two male nurses, including himself; (2) his supervisor wanted to assign female nurses more hours, including overtime, to minimize the male nurses' hours; and (3) nearly two years after Stone settled an overtime pay dispute with Dignity, his employer retaliated against him by reducing his hours and giving female employees more hours than him.[2]

Although this action has been pending for nearly a year and a half, Stone does not appear to have conducted any discovery and has not filed any motions with the court. Indeed, even after

---

[1] ECF No. 34 at 2.

[2] ECF No. 1 at 5, ¶¶ 24, 26; ¶¶ 30–32; ¶¶ 37–40.

Dignity moved for summary judgment and the court informed Stone what he must do to resist summary judgment, he appears to have done little to substantiate his claims. On October 21, 2015, I gave Stone this warning regarding summary judgment:

> When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in the form of admissible evidence (such as affidavits, declarations, depositions, answers to interrogatories, or properly authenticated documents as provided in Rule 56(e)), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.[3]

Stone did not heed this warning. Instead, he alleged new discriminatory acts[4] (some of which do not even involve him[5]) and claims for religious discrimination (which have already been dismissed).[6] And he sidestepped his obligation to present admissible evidence supporting his claims by speculating what the jury will hear when witnesses testify in court.[7] And although Stone attached numerous documents to his opposition, none are authenticated, so I decline to consider them.[8]

## Discussion

**A.   Summary-judgment standard**

Summary judgment is appropriate when the pleadings, discovery responses, and affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as

---

[3] ECF No. 31 at 2.

[4] ECF No. 34 at 5:20 (surmising that Dignity's dislike for Stone "may also be related to [Stone's] Color.").

[5] *See id.* at 1 ("The hostile work environment continues to this date with the most recent complaint by an employee of a kinked foley [sic.], and a wet dressing.").

[6] *See id.* at 4:4 ("Therefore, the Amended Complaint should not have been dismissed as the Religious Discrimination continues.").

[7] *See generally id.*

[8] *See id.* at 7–56; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment.").

a matter of law."[9]  When evaluating a summary-judgment motion, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[10]  If the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[11]  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[12]  He "must produce specific evidence, through affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in her favor.[13]

**B.      Dignity is entitled to summary judgment because it demonstrated the absence of triable issues, and Stone responded with only metaphysical doubt.**

Because Stone did not authenticate any of his exhibits, I exercise my discretion to not consider them.[14]  Doing so, I consider whether Dignity has demonstrated that there are no triable issues on Stone's claims for hostile work environment, gender discrimination, and retaliation.

To prove a work environment is hostile, "a plaintiff must show: (1) he was subjected to verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment."[15]  The environment must be "both objectively and subjectively offensive."[16]  By contrast, "[i]n order to establish a prima facie case of gender discrimination, a plaintiff must show (1) that [he] belongs to a protected class; (2) [he] was qualified for the position;

---

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[10] *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[12] *Orr*, 285 F.3d at 783 (internal citations omitted).

[13] *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[14] *Orr*, 285 F.3d at 783.

[15] *Porter v. Cal Dep't Corr.*, 419 F.3d 885, 892 (9th Cir. 2005).

[16] *E.E.O.C. v. Prospect Airport Servs., Inc.*, 621 F.3d 991, 997 (9th Cir. 2010).

1  (3) [he] was subject to an adverse employment action; and (4) similarly situated individuals outside
2  [his] protected class were treated more favorably."[17]  Finally, to establish a prima facie case of
3  retaliation, a plaintiff must show (1) involvement in a protected activity; (2) an adverse employment
4  action; and (3) a causal link between the two.[18]

5  I find that Dignity has met its summary-judgment burden because it negated the single thread
6  that is essential to each of Stone's claims: unlawful conduct related to sex.  There is no properly-
7  authenticated evidence in this record that Dignity engaged in conduct that was sexual in nature, that
8  similarly situated female nurses were treated more favorably than Stone, or that Stone suffered an
9  adverse employment action because of his complaints about gender-discrimination or other
10 protected activity.  Dignity also affirmatively established that the individual supervisors who
11 allegedly engaged in gender discrimination by complaining that Stone has "made enough" and
12 should work fewer hours did not know how much the nurses were making and could not control the
13 frequency of their shifts.[19]  On this record, Stone cannot prove his claims.  Dignity is therefore
14 entitled to judgment as a matter of law.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that defendant's **motion for summary judgment [ECF No. 30] is GRANTED**.  The Clerk of Court is directed to **enter judgment** for Dignity and against Stone and **CLOSE** this case.

Dated this 16th day of May, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[17] *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003).

[18] *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).

[19] *Id.* at 7.